```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  11-60575-CIV-COHN
                                         (09-60141-CR-COHN)
                              MAGISTRATE JUDGE P.A. WHITE

IVORY VINCENT PITTS,          :

       Movant,                :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
UNITED STATES OF AMERICA,     :

       Respondent.            :
_____
```

## Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence entered in Case No. 09-60141-Cr-Cohn.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The Court has reviewed the motion (Cv-DE#1), movant's memorandum of law in support thereof, with exhibits (Cv-DE#1-1), the government's answer, with exhibits (Cv-DE#7), movant's reply (Cv-DE#8), and all pertinent portions of the underlying criminal file.

## Claims

Movant alleges that his counsel was ineffective in failing to adequately challenge a 2001 cocaine conviction that was used to enhance movant's sentence under the ACCA, and in failing to move for *rehearing en banc* with regard to the same conviction.

1

<u>Procedural History and Facts</u>

On August 26, 2009, movant pled guilty to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §922(g)(1).  A Pre-sentence Investigation Report ("PSI") was prepared, which concluded that movant qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. §924(e)(the "ACCA").  In support of the enhancement, the PSI relied on movant's convictions in case numbers A194026,[1] A199195,[2] 93-2059CF10A,[3] and 01-02161CF10A[4] [PSI, ¶¶26].  Accordingly, the PSI determined that movant's advisory guideline sentencing range was 180-210 months imprisonment, and that movant was subject to a mandatory minimum sentence of 180 months under the ACCA [PSI, ¶¶122-23].

Movant's counsel filed objections to the PSI, challenging the use of movant's 1978 robbery conviction and his 2001 cocaine conviction for purposes of supporting the enhancement [Cr-DE#43]. With regard to the 1978 robbery conviction, counsel argued that there was insufficient evidence to conclude that this offense qualified as a predicate "violent felony" under the ACCA [<u>See</u>, Cr-DE#43; Cr-DE#57, p. 23].  With regard to the 2001 cocaine conviction, counsel argued that there was insufficient evidence to conclude that this offense was a predicate "serious drug offense" under the ACCA [<u>See</u>, Cr-DE#43; Cr-DE#57, pp. 17-18].

Trial counsel did not object to the use of movant's 1981 rape and robbery conviction to support the enhancement, nor to the 1993 cocaine conviction as a qualifying predicate offenses under the ACCA [Cr-DE#43].

---

[1] A 1978 California robbery conviction [PSI, ¶31].

[2] A 1981 California rape and robbery conviction [PSI, ¶32].

[3] A 1993 Florida cocaine conviction [PSI, ¶38].

[4] A 2001 Florida cocaine conviction [PSI, ¶53].

On November 17, 2009, the district court overruled movant's objections tot he PSI, and concluded that movant qualified for an enhanced sentence under the ACCA [See, Cr-DE##48, 49 & 57]. Accordingly, the district court sentenced movant to the mandatory minimum term of 180 months' imprisonment, followed by 5 years' supervised release (See, Cr-DE##48, 49 & 57]. Movant appealed, again arguing that 1978 robbery conviction and the 2001 cocaine conviction did not qualify as predicate offenses under the ACCA [See, Cr-DE#66]. The Eleventh Circuit disagreed, and affirmed movant's sentence on August 30, 2010 [Cr-DE#66; see, also, United States v. Pitts, 394 Fed.Appx. 680 (11th Cir. 2010)].

On September 2, 2010, movant received a letter from counsel indicating that, in counsel's judgment, there were not sufficient grounds for further review and, consequently, that counsel's office would not seek any further review of movant's conviction and sentence [Cv-DE#1-1, p.9; see, also, Cv-#1-1, Exh. A]. Movant wrote back to counsel, stating that he felt strongly that counsel should move for rehearing *en banc* [Cv-DE#1-1, Exh. A].

Counsel never moved for rehearing *en banc*. The Eleventh Circuit's mandate affirming movant's sentence thus issued on October 1, 2010 [Cr-DE#66]. On March 15, 2011, movant timely filed the instant motion to vacate pursuant to 28 U.S.C. §2255.

<u>Standard of Review</u>

Pursuant to 28 U.S.C. §2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. §2255. If a court finds a claim under Section 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner

or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. To obtain this relief on collateral review, however, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)(rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under Section 2255, unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" Smith v. Singletary, 170 F.3d 1051, 1053 (11th Cir. 1999)(quoting Futch v. Dugger, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007); see, also, Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)(explaining that no evidentiary hearing is needed when a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous").

## Discussion

In order to qualify for a sentencing enhancement under the ACCA, a defendant must have three prior convictions for either "violent felonies" or "serious drug offenses." See, 18 U.S.C. §924(e)(1) & U.S.S.G. §4B1.4(a). A "violent felony" is defined, in relevant part, as a crime that "(i) has an element of the use, attempted use, or threatened use of physical force against the

4

person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, or otherwise conduct that presents a serious potential risk of physical injury to another . . ." 18 U.S.C. §924(e)(2)(B). A "serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. §924(e)(2)(A).

Here, movant alleges that his counsel was ineffective in failing to adequately challenge his 2001 cocaine conviction.[5] However, movant's counsel did in fact argue that the 2001 cocaine conviction did not qualify as a "serious drug offense" for purposes of the ACCA, and there is nothing in the record to suggest that counsel's performance was deficient in any way. To the contrary, it appears that counsel zealously advanced the point both at sentencing and on appeal, but that both the district judge and the Eleventh Circuit ultimately disagreed with his position.[6] This obviously cannot form the basis of a claim of ineffective

---

[5] Movant's memorandum focuses exclusively on the 2001 cocaine conviction, and cites to the Eleventh Circuit's recent decision in United States v. Shannon, 631 F.3d 1187 (11th Cir. 2011). Shannon held that a defendant's prior conviction for cocaine trafficking under Florida law did not constitute a "controlled substance offense" within the meaning of USGS §4B1.2(b). Shannon, 631 F.3d at 1188-90.

[6] Any suggestion that counsel's performance was somehow deficient in light of Shannon is without merit. First, Shannon had not even been decided during the relevant time. Counsel is not ineffective for failing to anticipate changes in the law. See, Bajorski v. United States, 276 Fed.Appx. 952, 954 (11th Cir. 2008)(citations omitted); Reutter v. Sect'y for Dept. of Corr., 232 Fed.Appx. 914, 915 (11th Cir. 2007). Regardless, even if Shannon had been decided, it does not apply to movant's case. The Florida conviction in Shannon did not qualify as a "controlled substance offense" within the meaning of USSG §4B1.1(b) because the statute under which the defendant was convicted prohibited the *purchase* of cocaine. Shannon, 631 F.3d at 1188-90. In this case, the issue was whether there was sufficient evidence to conclude that movant's 2001 cocaine conviction was for possession of cocaine with intent to sell or deliver [See, Cr-DE#43, 57 & 66]. The Eleventh Circuit explicitly found that movant "must have been convicted of sale or delivery of cocaine, both of which qualify as serious drug offenses for the purposes of the ACCA" [Cr-DE#66, pp. 7-8].

5

assistance of counsel.[7]  See, Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000)("[n]or does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness); Cano v. United States, 2009 WL 3526564, *3 (M.D. N.C. 2009)("Petitioner cannot succeed on an ineffective assistance of counsel claim simply because his attorney did not win"); Lockard v. United States, 2008 WL 5104222, *3 (S.D. Ill. 2008)("it should go without saying that merely because [counsel] failed to prevail on his arguments does not render [him] ineffective").

To the extent that movant suggests that counsel was ineffective in failing to move for rehearing *en banc*, the Supreme Court has held that defendants have no right to counsel to pursue discretionary review.  See, Austin v. United States, 513 U.S. 5, 8 (1994); see, also, Pena v. United States, 534 F.3d 92, 94-95 (2d Cir.2008)("While the Supreme Court has interpreted the Constitution to provide criminal defendants the right to appointed counsel on first-tier appeals, including permissive ones, the Court has not found the right to exist with respect to certiorari review and other discretionary appeals.")(citing, Halbert v. Michigan, 545 U.S. 605, 610 (2005); Murray v. Giarratano, 492 U.S. 1, 10 (1989); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Ross v. Moffitt, 417 U.S. 600, 610 (1974)).  This same analysis applies to requests for reconsideration or rehearing, including rehearing *en banc*. See, e.g., McNeal v. United States, 54 F.3d 776 (6th Cir. 1995);

---

[7] To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, and (2) that he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  "To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1356 (11th Cir.2009).  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Prousalis v. United States, 2007 WL 2438422, at *14 (S.D.N.Y. Aug. 24, 2007)(same); Stuut v. United States, 2005 WL 1389181, *3 (W.D.Mich.2005)(same).  As such, movant did not have a constitutional right to counsel in seeking rehearing *en banc*. See, McNeal, 54 F.3d at 776; Prousalis, 2007 WL 2438422 at *14; Stuut, 2005 WL 1389181, *3.  Absent such a right, movant cannot assert a constitutional violation based upon his counsel's allegedly defective performance.  See, Wainwright v. Torna, 455 U.S. 586, 587-588 (1982)(If a defendant has "no constitutional right to counsel [to pursue a discretionary appeal], he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file [one].")

Moreover, there does not appear to have been any basis for counsel to have moved for rehearing *en banc*, and movant fails to articulate one.  Indeed, the record reflects that counsel's decision to not pursue further discretionary review was based on counsel's considered professional judgment that there were no meritorious issues to pursue.  Counsel simply cannot be deemed deficient under these circumstances.  See, See, Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990)(appellate counsel is not required to raise meritless issues); see, also, Strickland, 466 U.S. at 690 ("counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment").

Finally, even if movant's allegations of deficient performance were not conclusively refuted by the record, the record conclusively establishes that movant was not prejudiced. Specifically, the record reflects that movant had three (3) other qualifying predicate offenses supporting the sentencing enhancement under the ACCA; to wit, the 1978 robbery conviction that counsel unsuccessfully challenged at sentencing and on appeal, as well as the 1981 rape and robbery conviction and 1993 cocaine conviction

7

that counsel did not challenge. Movant thus qualified for the sentencing enhancement, even without factoring in the 2001 cocaine conviction.[8]

### Evidentiary Hearing

The movant has the burden of establishing the need for an evidentiary hearing, and he would only be entitled to a hearing if his allegations, if proved, would establish his right to collateral relief. See, Townsend v. Sain, 372 U.S. 293, 307 (1963). As previously indicated, a hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See, Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). And for the reasons stated in this Report, even accepting movant's factual allegations as true, the claims raised herein not cognizable, conclusively refuted by the record, and without merit. Consequently, no evidentiary hearing is required.

---

[8] In his reply, movant argues that the government "waived" its right to rely on the 1983 rape and robbery conviction, as well as its right to rely on the 1993 cocaine conviction, to support the enhancement. Movant misses the point. Movant would not have qualified for the enhancement without at least one of these other two convictions, and the PSI did in fact rely on them to support the enhancement. The reason that these other convictions were never at issue is because movant did not challenge them. See, United States v. Beckles, 565 F.3d 832, 843-44 (11th Cir. 2009)(failure to object to facts in a PSI admits those facts for sentencing purposes; United States v. Bennett, 472 F.3d 825, 832-35 (11th Cir. 2006)(same). Movant does not allege, however, that counsel was ineffective in failing to challenge them and, indeed, does not even dispute that they do, in fact, qualify as predicate offenses. Finally, the Court notes that movant's only allegation of prejudice is that, had counsel moved for rehearing *en banc,* the Eleventh Circuit would have reversed itself with regard to the 2001 cocaine conviction in light of Shannon. This claim of prejudice is nonsensical and without merit. First, as previously noted, Shannon had not even been decided during the relevant time. Second, even if Shannon had been decided, it is inapplicable for the reasons previously explained. And third, as set forth herein, movant had three (3) other qualifying predicate offenses, even without factoring in the 2001 cocaine conviction.

<u>Conclusion</u>

Based upon the foregoing, it is recommended that the motion to vacate be DENIED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>6th</u> day of September, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ivory Vincent Pitts, <u>pro se</u>
    Reg. No. 78110-004
    FCI-Jesup
    Federal Correctional Institution
    2680 U.S. Highway 301 South
    Jesup, GA 31599-0001

    Stider L. Dickson, AUSA
    United States Attorney's Office
    500 E. Broward Blvd., 7th Floor
    Ft. Lauderdale, FL 33394