UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60575-CIV-COHN/WHITE
(Case No. 09-60141-CR-COHN)

IVORY VINCENT PITTS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## FINAL ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 9] of Magistrate Judge Patrick A. White to Movant Ivory Vincent Pitts' Motion to Vacate, Set Aside Or Correct Sentence Pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion to Vacate").  The Court has reviewed *de novo* the Motion to Vacate, Magistrate's Report and Recommendation ("Report"), Movant's Notice of Objection in Oppositions to the Magistrate's Report of Recommendation [DE 10] ("Objections"), the docket in the case, and is otherwise advised in the premises.

## I. BACKGROUND

On August 26, 2009, Movant plead guilty to one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  See Plea Agreement [CR DE 41][1].  According to the Pre-sentence Investigation Report, Movant's sentence was eligible for enhancement pursuant to the Armed Career Criminal Act, 18

---

[1] "CR DE" refers to docket entries in Movant's original criminal case, Case No. 09-60141-CR-COHN.

U.S.C. § 924(e), based on his 1978 California robbery conviction, 1981 California rape and robbery conviction, 1993 Florida cocaine conviction, and 2001 Florida cocaine conviction.  Report at 2.  Movant's counsel filed objections to the Pre-sentence Investigation Report, arguing that the 1978 robbery conviction was not a predicate "violent felony" and the 2001 cocaine conviction did not constitute a predicate "serious drug offense" under the Armed Career Criminal Act.  See Defendant's Objection to the Presentence Report [CR DE 43].  The Court overruled Movant's objections and sentenced Movant to 180 months, the mandatory minimum.  Report at 2; Judgment [CR DE 49] at 2.  Movant filed an appeal to the Eleventh Circuit where he again argued that both his 1978 robbery conviction and his 2001 cocaine conviction did not qualify as predicate offenses under the Armed Career Criminal Act.  Eleventh Circuit Mandate [CR DE 66] at 4.  The Eleventh Circuit affirmed Movant's conviction.  Id. at 10.

After the Eleventh Circuit affirmed his sentence, Movant received a letter from his attorney which advised him that counsel did not believe he had sufficient grounds to seek further review of his sentence.  Memorandum of Law in Support of Movant's Motion to Vacate [DE 1-1] ("Mem.") at 3.  Movant wrote back to his attorney that he wished to seek a rehearing *en banc*.  Exhibit A to Memorandum of Law in Support of Movant's Motion to Vacate [DE 1-1] at 22.  Movant's counsel never moved for a rehearing *en banc*.  On March 15, 2011, Movant filed the instant Motion to Vacate.  See DE 1.

II. DISCUSSION

In his Motion to Vacate, Movant argues that his counsel was ineffective because (1) he failed to seek a rehearing *en banc* and (2) failed to challenge at sentencing and on appeal his prior drug conviction as a predicate offense under the Armed Career Criminal Act. Mem. at 5. To prevail on an ineffective assistance of counsel claim, a defendant must establish that (1) that his counsel's performance was deficient and (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

The Court agrees with Judge White's finding that counsel was not ineffective in failing to challenge Movant's 2001 cocaine conviction. See Report at 5. As Judge White noted, Movant's counsel argued both at sentencing and on appeal that his 2001 cocaine conviction did not constitute a "serious drug offense." See Defendant's Objection to the Presentence Report at 2-3; Eleventh Circuit Mandate at 4. Counsel is not ineffective because he ultimately failed to persuade the trial and appellate courts that Movant's 2001 cocaine conviction was not a "serious drug offense." See Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) ("[n]or does the fact that a particular defense ultimately proved to be unsuccessful demonstrate ineffectiveness"). The Court also agrees with Judge White's conclusion that the Eleventh Circuit's recent decision in United States v. Shannon, 631 F.3d 1187, 1188-90 (11th Cir. 2011), where the court held that a defendant's prior conviction for cocaine trafficking under Florida

law did not constitute a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(b), does not establish that counsel was ineffective.[2]

Second, the Court finds that counsel was not ineffective by failing to move for rehearing *en banc*. As Judge White stated, movant had no right to assistance of counsel to pursue discretionary review such as a rehearing *en banc*. Report at 6 (citing Austin v. United States, 513 U.S. 5, 8 (1994)). Furthermore, the Court agrees that Movant did not have any legitimate basis for seeking a rehearing *en banc*. Movant's counsel, in his professional judgment, determined that there were no meritorious issues to pursue and, even discounting the 2001 cocaine conviction, Movant still had three other convictions which qualify as predicate acts under the Armed Career Criminal Act.[3] Report at 7.

---

[2]   As Judge White notes, Shannon had not been decided when Movant was sentenced or filed his appeal and counsel cannot be considered "ineffective for failing to anticipate changes in the law." Report at 5 n.6. Furthermore, the Shannon holding does not apply to Movant's case. Under 18 U.S.C. § 924(e)(2)(A), "a serious drug offense" includes "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A). In Shannon, the court concluded that the offense was not a controlled substance offense because the state statute prohibited purchase of cocaine. Shannon, 631 F.3d at 1188-90. Here, the Eleventh Circuit found that movant was convicted for "sale or delivery of cocaine, both of which qualify as serious drug offenses" under the Armed Career Criminal Act. Eleventh Circuit Mandate at 7-8.

[3]   In his objections to the Magistrate's Report and Recommendations, Movant states that "he has always disputed the fact that . . . the 1978 robbery conviction, 1981 California rape and robbery conviction and the 1993 and 2001 cocaine possession cases do not qualify as a predicate offense under ACCA." Objections at 7. However, Movant did not raise objections to the 1981 rape and 1993 cocaine charge at his sentencing. Nor did he raise objections to either of these charges during his appeal to the Eleventh Circuit. Finally, he did not challenge the 1978 robbery, 1981 rape, and 1993 cocaine charge in his Motion to Vacate. Thus, objections to the finding that these convictions were predicate acts is not properly before the Court.

Finally, the Court concludes that Movant is not entitled to an evidentiary hearing. A hearing is not required for motions to vacate pursuant to 28 U.S.C. § 2255 that are frivolous or contradicted by the record.  See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989).  Because Movant's claims in the Motion to Vacate are frivolous, he is not entitled to an evidentiary hearing.

## III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 9] is hereby **ADOPTED**;

2. Movant's Objections [DE 10] are hereby **OVERRULED**;

3. The Motion to Vacate Sentence [DE 1] is hereby **DENIED**; and

4. The Clerk may **CLOSE** this case and DENY all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of October, 2011.

Copies provided to:
Counsel of record and pro se parties via CM/ECF.